In re William Jackson FRENCH, Debtor.

Virginia L. French STEVENS, Plaintiff,

v.

William Jackson FRENCH, Defendant.

Bankruptcy No. 80–273–BK–J–GP.
Adv. No. 81–305.

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

March 23, 1982.

Harry B. Mahon, Jacksonville, Fla., for plaintiff.

Anthony F. Marinucci, Jacksonville, Fla., for defendant.

### MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

This is an action seeking an exception to discharge under 11 U.S.C. § 523(a)(5).

Virginia L. French Stevens, plaintiff, is the former spouse of William Jackson French, defendant. Plaintiff and defendant were divorced by Final Judgment of Dissolution of Marriage on February 4, 1980. Incorporated into the Final Judgment was a stipulation agreement dated December 17, 1979. Pursuant to said agreement, defendant was obligated to hold plaintiff harmless from indebtedness to Commercial Credit Corporation which was secured by a 1973 Ford Thunderbird automobile. Defendant failed to carry out his obligation and plaintiff, as a joint debtor of Commercial Credit Corporation, was required to pay $750.00 to Commercial Credit Corporation to satisfy the debt, and to expend $100.00 as attorney's fee. Plaintiff claims that the hold harmless provision was in the nature of child support for a minor child born to plaintiff and defendant during their marriage and hence the debt is nondischargeable under § 523(a)(5) of the Bankruptcy Code. Defendant contends that the provision was part of the property settlement which is subject to discharge.

■ To resolve this conflict, the Court must examine the stipulation agreement which plaintiff and defendant executed and determine therefrom the intent of the parties. See, e.g., *In re Smith*, 436 F.Supp. 469, 475 (N.D.Ga.1977). The decision in this case turns on whether the Court can find, as plaintiff asserts, that there is a nexus between the hold harmless provision and the support of the minor child. In making this determination, "The Court may look behind the mere recitations of the settlement agreement and look to the substance of the situation." *In re Massimini*, 8 B.R. 428, 431 (Bkrtcy.W.D.Pa.1981).

On its face, the stipulation agreement contains elements of both property settlement and child support. The hold harmless provision appears among those provisions dealing with the division of the marital property, which gives a strong inference that at the time the agreement was made the provision was viewed by both plaintiff and defendant as part of the property settlement. There is no language in the agreement itself which in any way connects the hold harmless provision with the support of the minor child. However, the Court may consider other matters outside the four corners of the agreement itself. Plaintiff contends that the tie between the hold harmless provision and the support of the minor child is that the hold harmless provision was to prevent her wages from being garnished thereby insuring that she would be able to contribute to the support of the minor child. In essence, plaintiff asserts that defendant obligated himself to act in a surety capacity for her income; that the benefits of defendant's so acting would trickle down to the minor child, thus rendering the hold harmless provision into child support.

■ Juxtaposed with plaintiff's assertions as to the significance of the hold harmless provision are specific provisions in the stipulation agreement which deal with the support of the minor child. In unambiguous terms the agreement provides that defendant was to pay $50.00 per week, to maintain life insurance with the child named as beneficiary, and to pay all medical expenses above those not covered by insurance which plaintiff maintained on the child's behalf. The clarity and specificity of these terms when compared with plaintiff's rather tortured argument as to the purpose of the hold harmless provision, coupled with the inference which may be drawn from the placement of the hold harmless provision in the agreement, lead this Court to believe that at the time the parties entered into the stipulation agreement they did not consider the hold harmless provision to be in the nature of child support for the minor child.

Wherefore, in view of the foregoing discussion, the Court shall separately enter a final judgment declaring the debt to be dischargeable.