**In re Alden R. BERMAN, Debtor.**

**Alden R. BERMAN, Plaintiff,**

**v.**

**Georgia BERMAN, Defendant.**

**Bankruptcy No. 82–01681–BKC–TCB.
Adv. No. 82–1033–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Dec. 9, 1982.

Robert C. Furr, Boca Raton, Fla., for debtor/plaintiff.

Theodore A. Jewell, Palm Beach, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

This case presents the debris of a particularly acrimonious divorce. The debtor has sued under B.R. 409(a)(1) for a determination of which debts owed his ex-wife are dischargeable under 11 U.S.C. § 523(a)(5). The wife has answered and counterclaimed seeking similar relief with respect to several provisions of the divorce decree and a

post-divorce claim she has against the debtor (counts 1 and 2) and she opposes his discharge under § 727(a)(4)(A) and (a)(2)(A) (counts 3 and 4).

In addition, the wife has moved for a continuance and a change of venue.

The matter was heard on November 23.

■ With two exceptions which will be discussed further below, the issues present no factual disputes materially necessary to their resolution and the issues are controlled essentially by federal rather than State law. *Collier on Bankruptcy* (15th ed.) ¶ 523.15[1] n. 5. For this reason, the fact that the wife is a graduate student at Yale, presently immersed in her studies, and the fact that the divorce decree was entered in New Haven under Connecticut law, do not justify my sending this matter to my Connecticut colleague under 28 U.S.C. § 1475 or my leaving the matter to be resolved by the Connecticut State court to the extent that jurisdiction is concurrent, which is true of all issues except those in counts 2, 3, and 4 of the counterclaim. Id. ¶ 523.15[6] n. 20. I confess that I have been tempted.

Section 523(a)(5) excepts from discharge debts to a former spouse:

"for alimony to, maintenance for, or support of such spouse or child, in connection with a . . . divorce decree . . ., but not to the extent that . . . (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

The divorce judgment summarizes a memorandum decision which is simple and straight-forward. It provides the wife with the marital house in Hamden until the only child of the marriage, who is now 13, reaches 18, $225 monthly child support, medical insurance for the child and "all uninsured medical and dental expense", alimony and support arrearages of $750 and uninsured medical arrearages of $583. The debtor concedes that the obligations to pay the mortgages and taxes on the home and $225 monthly child support are non-dischargeable.

■ The debtor's obligation to pay medical insurance for the child and uninsured medical and dental expense is an additional support obligation and is, therefore, non-dischargeable as are all of the arrearages.

[3] The debtor was ordered to pay the wife's counsel fees ($3,000) and she has a subsequent claim ($1,000) for fees incurred to enforce the decree. The obligations are also non-dischargeable. *Collier on Bankruptcy* (15th ed.) ¶ 523.15[1], *In re Whitehurst,* Bkrtcy.M.D.Fla.1981, 10 B.R. 229, 230. If the Connecticut court has not yet been asked to fix the post-decretal fees payable by the debtor, this court's present jurisdiction to do so is relinquished to that court. 28 U.S.C. § 1471(d).

All the remaining obligations of the debtor arising from the divorce judgment result from the division of property and are, therefore, dischargeable.

The only thorny issue presented by the divorce judgment arises from the provision underscored in the following paragraph:

"It is further ordered that the plaintiff is awarded possession and occupancy of the home at 39 Westerfield Road, Hamden, Connecticut until the minor child, Keir, reaches the age of 18 years. *The defendant is ordered to pay the mortgages* and taxes *on the home.* If, for any reason, the plaintiff vacates this home, the defendant is ordered to pay the plaintiff as *alimony* $350. per month until the minor child, Keir, reaches the age of 18 years."

One mortgage on the home, originally in the amount of $50,000, but now representing a debt of about $7,000, is mentioned again in the judgment.

"It is further ordered that the defendant hold the plaintiff harmless on the note to Nutmeg Capital Company signed by the plaintiff, defendant and [the debtor's business partner and his wife]."

The wife argues that this obligation, since it relates to the shelter of the child, should be declared non-dischargeable.

■ It is clear that provisions in a divorce decree requiring one spouse to pay a

joint obligation or to hold the other spouse harmless are *generally* dischargeable, even though of course, the discharge of such a provision necessarily affects the ability of the other spouse to get by with the alimony and support specifically provided. *Collier on Bankruptcy* (15th ed.) § 523.15[1] n. 4: *In re Massimini,* Bkrtcy.W.D.Pa.1981, 8 B.R. 428, 430.

■ Such hold harmless obligations are not always dischargeable. As was noted in the House Report on this section:

"This provision will, however, make non-dischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance or support of the spouse." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6320.

The debt in question here, owed to Nutmeg, was a business debt and is not within the exception. The hold harmless provision is, therefore, dischargeable. The obligation "to pay the mortgages on the home", however, is for the support of the child. That obligation, which continues until 1987 (when the child will be 18), is non-dischargeable as is the debtor's obligation to pay the wife $350 a month until the child reaches 18 if the wife vacates the house for any reason, including eviction through a foreclosure of the mortgage in question.

In short, the debtor's obligation to hold his ex-wife harmless on the debt to Nutmeg is dischargeable, but if he defaults on the mortgage securing that debt, he has a non-dischargeable obligation to his wife for $350 a month until 1987.

The wife has asked that her claim against the debtor as presented in a 1981 action against the debtor and the telephone .company pending in the Connecticut U.S. District Court be declared non-dischargeable under § 523(a)(6), which excepts from discharge debts for:

"willful and malicious injury by the debtor to another entity."

The term "entity" includes "person". § 101(14). The term "person" includes "individual". § 101(30).

She seeks $99,000 as compensatory and punitive damages against defendants under seven counts because (she alleges) her husband arranged an extension line from her telephone to his separate abode which enabled him to eavesdrop on her phone calls between March, 1979, and February, 1980, when she discovered the arrangement. She has alleged that this conduct was willful and malicious on the part of each defendant.

■ A willful and malicious injury to a person, though it involves no physical injury, may be excepted from discharge under § 523(a)(6). *Collier on Bankruptcy* (15th ed.) § 523.16[1] n. 26, 27. Although this court has exclusive jurisdiction as to this issue, unlike those presented under § 523(a)(5) where this court's jurisdiction is concurrent, I elect to abstain and relinquish that jurisdiction to the District Court where the wife's action is pending. 28 U.S.C. § 1471(d). I do so for the obvious reason that the District Court is ideally qualified to make the determination. It may do so without significant additional judicial labor. The wife's residence, the convenience of the other defendant, and the relatively light inconvenience to the debtor are best served. And finally the present uncertainty of this court's jurisdiction after December 24 in view of the *Marathon* decision is avoided.

■ Turning to the remaining issues presented by the wife's counterclaim (counts 3 and 4), I find that the wife has alleged no basis for the denial of the debtor's discharge in count 3. In other words, if the wife's factual allegations in that count are accepted as fact, I would find that she has failed to prove a basis for denial of discharge.

Section 727(a)(4)(A) denies discharge to a debtor who has "made a false oath". The wife (in count 3) alleges four respects in which the debtor's Statement of Financial Affairs and Schedules, filed with this court under oath, are incomplete or inaccurate. The debtor has denied that he "knowingly

and fraudulently" made these statements, an essential element under § 727(a)(4)(A). *Collier on Bankruptcy* (15th ed.) § 727.04. The nature of the alleged omissions is such that the debtor could not believe that the omitted matters would not surface.

■ Section 727(a)(2)(A) denies discharge to a debtor who has concealed property within one year before bankruptcy with intent to hinder, delay or defraud creditors. In count 4, the wife charges that the debtor violated this provision by transferring his interest in the marital house in 1978, four years before bankruptcy. This allegation forms no basis for denial of the debtor's discharge.

The wife also charges in count 4 that the debtor transgressed this provision by putting his son on his business payroll and diverting payment to himself (¶ 19), and by maintaining a checking account under a fictitious name until eight months before bankruptcy (¶ 26). These allegations, denied by the debtor, cannot be resolved on the pleadings. I succumb to the wife's tardy motion for a continuance and reset these issues to be tried on December 28, 1982, at 10:00 a.m. in Courtroom 329, 701 Clematis Street, West Palm Beach, Florida.

As is required by B.R. 921(a), a separate judgment will be entered in accordance herewith. Costs may be taxed on motion.