In re Kenneth James
STOCKDILL, Debtor.

Cynthia STOCKDILL, Plaintiff,

v.

Kenneth James STOCKDILL,
Defendant.

Bankruptcy No. 87–01785–BKC–AJC.
Adv. No. 87–0531–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

June 22, 1988.

T. Paul Hodge, Fort Lauderdale, Fla., for Cynthia Stockdill, plaintiff.

Richard L. Freedman, c/o Law Offices of Elkins & Freedman, Fort Lauderdale, Fla., for debtor/defendant.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the court on December 14, 1987 upon plaintiff, Cynthia Stockdill's complaint seeking exception to discharge pursuant to 11 U.S.C. § 523(a)(5). The plaintiff is the ex-wife of the debtor. The parties were divorced on September 2, 1986 as evidenced by a Final Judgment for Dissolution of Marriage entered in the Circuit Court of the 17th Judicial Circuit, Broward County, Florida.

On May 22, 1987, the debtor filed a voluntary petition for relief under chapter 7 in bankruptcy.

The plaintiff asserts that paragraph 13 of the said Final Judgment is in the nature of support. The defendant denies this allegation. In essence, paragraph 13 is a "hold harmless" provision. It states that:

In the event the creditors cannot be paid and support and alimony payments are made, the creditors' payments shall be those defaulted and not the child support and alimony. Federal law provides relief to the husband, if he so elects. Wife will be held harmless from the creditors' efforts in making her pay those [all family] bills [incurred during the marriage].

Section 523(a)(5) excepts from discharge debts to a former spouse:

... for alimony to, maintenance for, or support of such spouse or child, in connection with a ... divorce ..., but not to the extent that ... (B) Such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

In general, hold harmless provisions are dischargeable but not in all cases. *In re Berman,* 26 B.R. 301 (Bankr.S.D.Fla.1982). In the *Berman* case, the court relied upon the House Report on § 523(a)(5):

This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance or support of the spouse.

House Report No. 95–595, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320.

To resolve this conflict, this court must examine the Final Judgment and determine therefrom the intent of the parties. *In re French,* 19 B.R. 255 (Bankr.M.D.Fla.1982). The court in the *French* case looked for a nexus between the hold harmless provision and the support of the minor child and held that it must "look behind the mere recitations ... and look to the substance of the situation." See *In re Massimini,* 8 B.R. 428, 431 (Bankr.W.D.Pa.1981).

On the face of the Final Judgment, there are elements of spousal alimony, child support and property settlement. The hold harmless provision appears among those provisions dealing with alimony and child support. This creates a strong inference that at the time the Final Judgment was rendered, the court found it necessary to provide for the support of both the ex-wife and the children. There is also language in the Final Judgment which establishes a nexus between the hold harmless provision and the support of the ex-wife and children.

In *Berman,* the court held that "the debtor's obligation to hold his ex-wife harmless on the debt to Nutmeg (mortgagee) is dischargeable, but if he defaults on the mortgage securing the debt, he has a nondischargeable obligation to his wife." 26 B.R. at 304. That is, the debtor was responsible either for the mortgage payment *or* for the alimony payment.

Accordingly, it is ORDERED that the obligation of the defendant to pay all family bills incurred during the marriage and to

hold his ex-wife harmless from the creditors' efforts in making her pay those bills is in the nature of support and thus nondischargeable.