**In re James E. KEERAN, Debtor.**

**James E. KEERAN, Plaintiff,**

v.

**Jean KEERAN, Defendant.**

No. 1–88–0359.

Adv. No. 1–88–03024.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 26, 1990.

V. Robert Candiello, Toledo, Ohio, for defendant.

## OPINION AND ORDER DETERMINING SPECIFIC DEBT TO BE NONDIS-CHARGEABLE AND AWARDING JUDGMENT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on for trial upon plaintiff's complaint to determine the dischargeability of debt at which time the parties requested that the court make its decision based upon the record, and the later submitted stipulation of facts and addendum thereto. Upon consideration thereof, the court finds that defendant should be granted judgment against plaintiff in the amount of $700.00 representing the nondischargeable debt to Home Savings and Loan Association.

### FACTS

On December 27, 1988, Debtor/plaintiff filed his voluntary petition under chapter 7 of title 11 and the instant complaint to determine dischargeability of debts. Plaintiff seeks determination of the dischargeability of certain obligations set forth in a judgment entry granting a divorce to plaintiff and defendant, to-wit:

Indebtedness for which both parties were liable

| | | |
|---|---|---|
| Ford Motor Credit | – secured | $6,300.00 |
| Emp. Own Fed. Cr. | – unsecured | 1,400.00 |
| American Security | – unsecured | 2,300.00 |
| J.C. Penney Co. | – unsecured | 500.00 |

Indebtedness for which plaintiff was sole signatory

| | | |
|---|---|---|
| Sears | – unsecured | 1,900.00 |
| Mid West American | – secured | 2,000.00 |
| Home Savings | – unsecured | 1,900.00 |
| J.B. Robinson | – unsecured | unknown |

Stipulation of Facts at 2, 3, 4. The parties were married on November 9, 1985. *Id.* at 1. A judgment entry granting the parties a divorce was entered in the Paulding County, Ohio Common Pleas Court on November 3, 1988; no children were born of that marriage. *Id.* at 2.

Defendant also filed a voluntary petition under chapter 7, on January 12, 1989, list-

Steven L. Diller, Van Wert, Ohio, for plaintiff.

ing most of the above-stated obligations. Plaintiff's current monthly budget reflects income of $1,010 and expenses of $818 plus automobile and renters insurance of $60. *See* Addendum to Stipulation of Facts at 1. Defendant's current monthly budget reflects income of $1,060 and expenses of $1,350.

The parties request that this court determine:

1. Whether the divorce decree requiring the plaintiff to hold the defendant harmless as an award of alimony on the obligations set forth [above] are dischargeable under 11 U.S.C. § 523(a)(5).

2. If such debts are not dischargeable under 11 U.S.C. § 523(a)(5), whether the discharge of indebtedness entered in related Case No. 89–00068, styled *In re Jean Keeran* of the obligation to pay such debts renders moot as a matter of law and fact the issue of dischargeability of the obligation from plaintiff to defendant to hold her harmless from the same.

3. Whether as a matter of law the lack of signature of the defendant on the note, security agreement or financing statement to Home Savings & Loan renders the claimed lien of Home Savings & Loan in such items to be invalid under Ohio Revised Code § 1319.06 and therefore eliminating any obligation from plaintiff to the defendant for the same and also renders defendant's reaffirmation to be a voluntary act and not a valid claim against the plaintiff.

4. If not, whether the conveyance of the defendant's interest in such property was an alimony award made by the court in property and not subject to discharge in bankruptcy.

Stipulation of Facts at 4–5.

## DISCUSSION

■■■■■ Initially, 11 U.S.C. § 523(a)(5), governing plaintiff's complaint, excepts from discharge any debt

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

The standard for determining the dischargeability of a debt incurred pursuant to a divorce decree requires this court to determine:

1. whether the state court or parties to the divorce intended to create an obligation to provide support through the assumption of the joint debts;

2. whether such assumption has the effect of providing the support necessary to ensure that the daily needs of the former spouse and any children of the marriage are satisfied; and

3. whether the amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support.

*Long v. Calhoun,* 715 F.2d 1103, 1109–10 (6th Cir.1983). The court need not, however, accept the state court's "alimony" designation as determinative of the payments ordered thereunder. *See In re Singer,* 787 F.2d 1033 (6th Cir.1986). *See also In re Portaro,* 108 B.R. 142 (Bkrtcy.N.D. Ohio 1989) (label is not determinative of obligation; court must examine facts of each case and make determination based upon federal bankruptcy law); *In re Shelton,* 92 B.R. 268 (Bkrtcy.S.D.Ohio 1988) (in attempt to ascertain intent, language of the parties' characterization of debt does not control); *In re Swiczkowski,* 84 B.R. 487, 17 B.C.D. 529 (Bkrtcy.N.D.Ohio 1988) (well established that statements within a divorce decree which label a particular obligation as alimony or property settlement do not necessarily determine nature of obligation under federal law).

■ The court also notes, at the outset, that determination of the dischargeability of the debts in issue result from the judgment entry requiring plaintiff to hold harmless the defendant on certain debts of the marriage. Stipulation of Facts at 2. Nevertheless, such a provision may constitute alimony if it has the effect of providing alimony. *See Calhoun,* 715 F.2d at 1107 (we hold that payments in the nature of support need not be made directly to the spouse or dependent to be nondischargeable); *Shelton,* 92 B.R. at 272 (to extent Debtor's agreement to hold an ex-spouse harmless on joint debts is in payment of alimony, it is nondischargeable); *In re Stockdill,* 89 B.R. 978 (Bkrtcy.S.D.Fla. 1988) (quoting the House Report on § 523(a)(5) which states that this provision will, however, make nondischargeable any debts resulting from an agreement by the Debtor to hold the Debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support).

### Indebtedness For Which Both Parties Were Liable

As stipulated by the parties, both were liable on obligations owed to Ford Motor Credit, Employees Own Federal Credit Union, American Security and J.C. Penney Co. Stipulation of Facts at 2. Initially, the court must examine whether the parties intended to provide support or divide property.

■ The November 3, 1988 judgment entry awarded plaintiff the Lynx automobile and ordered him to pay the indebtedness thereon to Ford Motor Credit Co. and hold defendant harmless therefrom. Stipulation of Facts at 2. Defendant was awarded her Chevrolet Cavalier automobile and ordered to pay the indebtedness thereon and hold plaintiff harmless therefrom. *Id.* The court finds, then, that the parties intended to divide the property and not to impose an obligation to provide support by plaintiff's assumption of an obligation to hold defendant harmless on the Ford Motor Credit Co. debt. This debt is dischargeable.

■ Each party was ordered to pay one-half of the loan to Employees Own Federal Credit Union and hold the other party harmless as to the one-half that they paid. Exhibit B at 2–3. Likewise, the J.C. Penney Co. debt was divided between the parties; defendant was to pay $70 and plaintiff was to pay the balance. *Id.* These provisions attempt to divide these obligations between the parties. Such property settlements represent dischargeable debts.

■ Plaintiff was ordered to pay the American Security account and hold defendant harmless therefrom. Stipulation of Facts at 3. This obligation has been discharged as to both parties without payment by either party. *Id.* This court will not, therefore, award defendant judgment on this debt as she has been discharged of this obligation by filing a petition listing this obligation. Defendant has benefitted from her filing and the court will not deem this debt nondischargeable. *See* Discussion *infra* p. 885.

### Indebtedness For Which Plaintiff Was Sole Signatory

According to the November 3, 1988 Judgment Entry, the Sears account was divided between the parties. Defendant was responsible for payment on the account for the water softener and water heater; plaintiff was responsible for payment on the other two accounts. Exhibit A at 3. This represents a dischargeable property settlement.

■ Plaintiff was ordered to pay the Mid West American Credit Union account for his Sundance automobile and to pay the J.B. Robinson account and hold defendant harmless therefrom. Exhibit B at 3. These obligations have been "discharged without payment by either party." Stipulation of Facts at 4. Plaintiff was solely responsible for these obligations. In fact, defendant does not list Mid West American or J.B. Robinson as creditors on her petition. Furthermore, these debts have been discharged. They do not represent joint debts which plaintiff assumed, providing support to defendant. Defendant was sole-

ly liable thereon. Therefore, this court finds these obligations to be dischargeable.

■ The Home Savings and Loan Association's debt is also a debt for which plaintiff was solely responsible. However,

> pursuant to the decree of divorce, the Admiral Refrigerator, Range, Washer and Dryer were awarded to the defendant herein and the plaintiff was ordered to hold the defendant harmless thereon. The plaintiff has made no payment on such obligation and the defendant has executed and caused to be filed with this court in her related case a reaffirmation agreement with said creditor.

Stipulation of Facts at 4. Plaintiff argues that the claimed lien of Home Savings and Loan Association in these items is invalid as a result of the creditor's failure to comply with O.R.C. § 1319.06.

This court will not address the validity of the lien as it finds that the November 3, 1988 judgment entry is determinative of the dischargeability issue. That entry ordered plaintiff to pay the Home Savings and Loan Association's debt and hold the defendant harmless therefrom. Exhibit B at 3. This debt was incurred in order to purchase household appliances. Although plaintiff alone was responsible for this obligation, defendant caused to be filed a reaffirmation agreement with Home Savings and Loan Association in the amount of $700. Addendum to Stipulation of Facts at 1.

> This court will follow the line of decisions which hold that *Calhoun* has general applicability to all cases arising under § 523(a)(5). This court will determine whether the divorce related obligation would have provided necessary support at any time from the date the obligation became due to the date the obligation is submitted to this Court for decision on dischargeability under § 523(a)(5).

*Swiczkowski*, 84 B.R. at 491. If plaintiff's assumption of payment of this debt provided defendant with necessary goods or services for which she would otherwise not be able to purchase, then such an award is alimony. *In re Calisoff*, 92 B.R. 346, 352 (Bkrtcy.N.D.Ill.1988).

The household appliances are necessary goods. Plaintiff's payment on this obligation would have had the effect of providing support to defendant. Furthermore, because defendant obligated herself on this debt, the court finds that the $700 obligation to Home Savings and Loan Association is nondischargeable.

As previously stated, plaintiff's monthly income is $1,010 with expenses totalling approximately $878; defendant's current monthly income is $1,060 and expenses are $1,350. *See supra* p. 883. The court finds that imposition of the $700 obligation to Home Savings and Loan Association upon plaintiff is not so excessive that it is manifestly unreasonable under traditional concepts of support. Further, it would be inappropriate to relieve plaintiff of this obligation. *See In re Caughenbaugh*, 92 B.R. 255 (Bkrtcy.S.D.Ohio 1988).

*Attorney's Fees*

■ Defendant also argues that she is entitled to costs associated with plaintiff's failure to pay the alimony award. Specifically, "had plaintiff paid the debts he was supposed to, the defendant never [would] have had to file bankruptcy." Trial Brief of Defendant at 2. Further, defendant "had to pay the trustee in bankruptcy $749 as a non-exempt portion of her income tax refund." Stipulation of Facts at 4. The court is not convinced that plaintiff is responsible for payment of these amounts. Defendant benefitted from filing bankruptcy, receiving a discharge of her debts as well as those debts upon which she held plaintiff harmless. Further, the non-exempt portion of her income tax refund represents compliance with the Bankruptcy Code, enabling her to receive a discharge of her debts. In light of the foregoing, it is therefore

ORDERED that, except for the obligation to Home Savings and Loan Association for household appliances, all of the obligations imposed in the judgment of divorce be, and they hereby are, discharged. It is further

ORDERED that plaintiff's obligation to hold defendant harmless on the Home Savings and Loan Association's debt be, and it hereby is, nondischargeable. It is further

ORDERED that defendant is granted judgment against plaintiff in the amount of $700.