**In the Matter of Charles R. BUSH, Debtor.**

**Charles R. BUSH, Plaintiff,**

v.

**Gwyn E. BUSH, Defendant.**

**Bankruptcy No. 1–92–06186.
Adv. No. 1–92–0266.**

United States Bankruptcy Court, S.D. Ohio, W.D.

May 18, 1993.

**70**

Henry Acciani, Cincinnati, OH, for plaintiff.

Peter E. Koenig, Cincinnati, OH, for defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court pursuant to Defendant–Creditor's Motion for Sum-mary Judgment and Plaintiff–Creditor's subsequent Cross–Motion for Summary Judgment.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 an 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

The Court heard argument and reviewed the documentation and briefs filed by both parties. As a result of these proceedings, the Court hereby issues the following Findings of Fact and Conclusions of Law.

### I. *Standard of Review*

Summary Judgment is appropriate when there is no genuine issue as to a material fact and the moving party is entitled to a judgment as a matter of law. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989). The Sixth Circuit Court of Appeals has ruled that this Court is to apply the same standard when examining both summary judgment motions and motions for directed verdicts. That is, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law". *Id.*, at 1479–80. Notice that the existence of a factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *In re Suburban Motor Freight, Inc.*, 124 B.R. 984, 992 (Bankr.S.D. Ohio 1990).

### II. *Dischargeability of College Assistance Payments*

The issue before this Court is whether as a matter of law certain payments owed by Charles R. Bush (Plaintiff–Debtor) to Gwyn E. Bush (Defendant–Creditor) for college assistance for their two children constitute dischargeable debts in a Chapter 13 bankruptcy proceeding. This Court finds that pursuant to 11 U.S.C. 523(a)(5)(B) and the applicable test set out by *In re Calhoun*, 715 F.2d 1103, 1109–1111 (6th Cir.1983), the payments for college assistance are in the nature of support and not

of unreasonable amount and therefore they are nondischargeable in this case.

 The statute this Court must use to determine dischargeability of debt is 11 U.S.C. 523(a)(5)(B). This statute states that:

(a) A discharge under 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt ...

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, ... or property settlement ...

(B) ... (if) such liability is actually in the nature of alimony, maintenance, or support;

The legislative history points out that a parent's obligation to support his child is not one that should be dischargeable by the filing of a bankruptcy petition. Balancing this significant public policy with the need to provide the debtor with a fresh start has led to the evolution of a body of law headed by *In re Calhoun*. The *Calhoun* case has established a four-part test by which this Court is to determine whether the college assistance payments are dischargeable in bankruptcy. *In re Calhoun*, supra. According to *Calhoun*, this Court must examine the facts of this case in light of the following:

1. whether the intent of the state court or the parties was to create a support obligation;

2. whether the support provision has the actual effect of providing necessary support;

3. whether the amount of support is so excessive as to be unreasonable under traditional concepts of support; and

4. if the amount of support is unreasonable, how much of it should be characterized as nondischargeable for the purposes of federal bankruptcy law.

The official Divorce Decree of the parties, incorporates by reference a Separation Agreement dated August 14, 1989. Paragraph 12 of the Separation Agreement provides that:

"In the event said children of the parties desire to attend College or other institution of higher education, and in the event said children are academically acceptable, Husband shall pay the sum of $210.00 biweekly per child for each child for four (4) consecutive years ..."

The record reflects Plaintiff–Debtor has conceded that this provision was drafted with the intent to provide continued support to his children. Therefore, the college assistance payments owed to the Defendant–Creditor clearly pass the first element of the *Calhoun* Test.

The second question the Court must consider is whether the college assistance payments, if given, would have actually provided support for the children. As this is a case of first impression for this Court, we look to language in a similar decision in another jurisdiction to help interpret this element. In a case very similar to the case before us, the court in *In re Portaro* found that "the obligation to pay a portion of the college expenses of his child were intended as support, and will have that effect when and if the child attends college." *In re Portaro*, 108 B.R. 142, 147 (N.D. Ohio 1989). It is not disputed that Lori Bush has completed four years of college and John Bush is presently enrolled at Xavier University. That is, applying the above analysis to the facts before this Court it is clear that the payments by Plaintiff–Debtor indeed have the effect of support and therefore pass the second element of the *Calhoun* test.

 Elements three and four of the *Calhoun* Test are best analyzed together. It is true that this Court has the authority to adjust and alter the amount of payments owed for spousal and child support if it finds such payments to be unreasonably burdensome to the debtor. *In re Schreiber*, 99 B.R. 380, 383 (Bankr.S.D. Ohio 1989); *In re Caughenbaugh*, 92 B.R. 255, 257–258 (Bankr.S.D.1988); and *In re Skaggs*, 91 B.R. 1018, 1022–1023 (Bankr.S.D. Ohio 1988). However, it is only appropriate to make such a modification if the original state court award was unreasonable or if there has been a detrimental change in financial circumstances from the time the

divorce decree was entered to the time of the bankruptcy filing. *In re Matyac*, 102 B.R. 125, 127 (Bankr.S.D. Ohio 1989). The facts in this case demonstrate that the Plaintiff–Debtor was represented by counsel at the time he consented to the Separation Agreement so this Court may not assume that the payments were unreasonable at that time. In addition, at the time of the aforementioned agreement the Plaintiff–Debtor was unemployed. However, at the time he filed the bankruptcy petition, the Plaintiff–Debtor was employed and continues to be employed with a salary of approximately three thousand dollars ($3000) per month. The facts also indicate the Plaintiff–Debtor is remarried and his wife is also presently working. Therefore, while there has been a change in the financial condition of the Plaintiff–Debtor, it is a change for the better. Since the Plaintiff–Debtor's position has improved from the time of the Separation Agreement, this Court, under *In re Matyac*, does not have sufficient grounds to find such payments of college assistance overly burdensome on the Plaintiff–Debtor. Therefore, the equitable adjustments allowed under elements three and four of the *Calhoun* Test are not applicable to this case.

■ It is evident the college assistance payments in this case were intended to be support, they would have the effect of support if offered, and they are not overly burdensome on the Plaintiff–Debtor. Under *In re Calhoun* and the subsequent case law, the payments are indeed "in the nature of support". Therefore, as a matter of law under 11 U.S.C. 523(a)(5)(B) the college assistance payments owed by Plaintiff–Debtor to Defendant–Creditor on behalf of their two children are not dischargeable.

In light of the above findings, the Court hereby **GRANTS** Defendant–Creditor's motion for Summary Judgment; and **DENIES** Plaintiff–Debtors's cross-motion for Summary Judgment.

**IT IS SO ORDERED.**