**In the Matter of Allan MacKENZIE, Debtor.**

**Ishbel MacKENZIE, Plaintiff,**

v.

**Allan MacKENZIE, Defendant.**

**Bankruptcy No. 84–234.
Adv. No. 84–176.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 31, 1985.

Shirley Arcuri, Tampa, Fla., for debtor Allan MacKenzie.

Richard C. Prosser, Tampa, Fla., for plaintiff Ishbel MacKenzie.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration is a Motion for Summary Judgment filed by Ishbel MacKenzie, the Plaintiff in the above-styled adversary proceeding. It is the contention of the Plaintiff that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law. The Plaintiff's claim is based on the proposition that the sum of $34,018 admittedly due and owed by the Defendant, Allan MacKenzie (Debtor) is an obligation based on. due alimony and support and is nondischargeable by virtue of § 523(a)(5) of the Bankruptcy Code.

The Court considered the record and finds that the undisputed facts are as follows:

On December 10, 1981 the Circuit Court for Anne Arundel County, Maryland entered a Judgment of Dissolution of Marriage which dissolved the marriage of the

Debtor and the Plaintiff. Incorporated into the Judgment was the Separation and Property Settlement Agreement executed by the parties on December 18, 1975. According to the Settlement Agreement, the Debtor agreed to pay $180.00 each week. The first $20 was to be applied by the wife to the payment and satisfaction of the then outstanding debts of the parties incurred during the marriage. The next $15.00 was to be applied by the Plaintiff to the proper support, care and maintenance of the children of the parties until they reached maturity. All remaining monies were to be paid to the Plaintiff as alimony until such time as she shall remarry or either party to the Agreement shall die, whichever first occurs.

Obligations in the form of alimony are excepted from discharge pursuant to § 523(a)(5)(B) which provides in pertinent part as follows:

§ 523. Exceptions to discharge

(a) A discharge under § 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

Case law developed under the former Bankruptcy Act of 1898 utilized state law to determine the nature of an obligation as being alimony or support. *In re Albin*, 591 F.2d 94 (9th Cir.1979); *In re Waller*, 494 F.2d 447 (6th Cir.1974). The legislative history of § 523(a)(5) of the Bankruptcy Act of 1978 clearly indicates that Congress intended that federal law rather than state law should govern and be determinative whether an obligation is in the nature of alimony of support settlement. H.R.Rep. No. 595, 95th Congress, 2d Sess. 364, U.S.

Code Cong. & Admin.News 1978, pp. 5963, 6319, 6320. As a result, bankruptcy courts now look beyond the labels placed upon the obligation by the state courts and consider all relevant facts and circumstances. *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir. 1984); *In re Hall*, 40 B.R. 204, Bank.L.Rep. (CCH) 69, 934 (Bankr.M.D.Fla.1984); *In the Matter of Vande Zande*, 22 B.R. 328 (Bankr.W.D.Wis.1982).

To determine the nature of the obligation provided by a divorce decree for the purposes of dischargeability, courts have generally considered the following factors:

(1) Whether the obligation under consideration is subject to contingencies such as death or remarriage;

(2) Whether the payment was fashioned in order to balance disparate incomes of the parties;

(3) Whether the obligation is payable in installments or in a lump sum;

(4) Whether there are minor children involved in the marriage requiring support;

(5) The respective physical health of the spouse, and the level of education and, last

(6) Whether, in fact, there was need for support at the time of the circumstances of the particular case.

*Hoover v. Hoover (In re Hoover)*, 14 B.R. 592 (Bankr.N.D.Ohio 1981); *Vande Zande*, supra p. 330.

It is the contention of the Debtor that Summary Judgment can not be granted because the Debtor should be permitted to introduce parol evidence to establish the true intention of the parties, despite the seemingly clear language of the documents.

In opposition, it is the contention of the Plaintiff that the document is clear and unambiguous as to what is meant to be alimony and, therefore, it is improper to receive any parol evidence; thus, the obligation is automatically non-dischargeable as a matter of law pursuant to § 523(a)(5) of the Bankruptcy Code based on the unambiguous provisions of the Judgment of Dissolution of Marriage and the Separation

and Property Settlement Agreement. While it is true that there is no evidence in this record as to the several factors which courts generally consider to determine whether or not an obligation is in the nature of alimony or support, the property settlement incorporated into the final divorce decree leaves no doubt that the obligation reflected in same and imposed on the Debtor was, in fact, the nature of support and alimony.

Based on the foregoing, the Court is satisfied that the Settlement Agreement contains no ambiguities upon which to find material issues of genuine fact and that the Plaintiff is entitled to a judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Plaintiff, Ishbel MacKenzie, be, and the same is hereby, granted. A separate final judgment will be entered in accordance with the foregoing.