**Tommie Sue MOORE, Plaintiff,**

**v.**

**Authur Edward MOORE, Defendant.**

**Bankruptcy Nos. 86–9092, 86–02039.**

United States Bankruptcy Court,
N.D. Florida,
Panama City Division.

April 2, 1987.

William G. Warner, Panama City, Fla., for plaintiff.

Thomas Ingles (Deceased), Panama City, Fla., for defendant.

## OPINION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER having come on to be heard on March 2, 1987, upon the complaint objecting to dischargeability and the Court having reviewed the evidence herein, finds as follows:

The marriage between these parties was dissolved on January 3, 1986, and that dissolution incorporates the Marital Settlement Agreement, which primarily deals with a division of property.

In the Marital Settlement Agreement the husband agreed to assume and hold the wife harmless from those debts that are the subject of this action.

The wife in the Marital Settlement Agreement made an express waiver of alimony. There are no minor children of this marriage that require any support from the defendant. At the time of dissolution, the wife was gainfully employed and appeared to be fully able to support herself without the assistance of the debtor. There are no indications of disparate incomes between the parties and no indications that this settlement agreement was for the purpose of making any balancing of disparate incomes. The obligations do not go toward future items needed for the support of the ex-wife, rather they go to past purchases made by the parties.

 Pursuant to § 523 of the Bankruptcy Code, obligations which are in the nature of alimony and support are nondischargeable obligations. The determination of the nature of the obligation is to be determined under the Bankruptcy Code by looking at Federal law rather than State law, and the Court has the right to look behind the labels placed on the obligations either under State law or under the agreement. *In re Ray Basile*, at 44 B.R. 221, (M.D.FL 1984). Generally the obligations of one spouse to pay joint obligations or to hold a spouse harmless are dischargeable, however such obligations may be nondischargeable to the extent that the agreement is in the nature of alimony or mainte-nance or support. This is based on *In re Burman*, 26 B.R. 301, (S.D.FL 1982).

 Having thus reviewed the applicable law and facts set forth herein, this Court finds the obligation that the defendant, the debtor in this case, agreed to assume and hold the wife harmless for, was in the nature of an equitable settlement of property rights between the parties, and thus dischargeable.

Order shall enter in accordance herewith.