**In re William F. CASLER, Sr., Debtor.**

**Frances L. CASLER, Plaintiff,**

v.

**William F. CASLER, Sr., Defendant.**

**Bankruptcy No. 86–680–BKC–8P7. Adv. No. 87–311.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 9, 1988.

Richard A. Zeller, St. Petersburg, Fla., for plaintiff.

Lawrence Kleinfeld, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a complaint seeking a determination by this Court that certain debts allegedly owed by William F. Casler, Sr. (Debtor), to Frances L. Casler, Plaintiff (Plaintiff), should be determined by this Court to be nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. The facts relevant and germane to the resolution of this matter as established at the final evidentiary hearing are as follows:

The Plaintiff and Debtor were married in 1975. On May 23, 1984, with entry of Final Judgment, the Plaintiff's and the Debtor's nine-year marriage was dissolved by the Circuit Court of Pinellas County, Florida. (Plaintiff's Exh. No. 1) At the time of the dissolution of the marriage, the Plaintiff and Debtor had two sons, one aged 13 and one aged 17. Incorporated by the final judgment is a marital settlement agreement entered into by the parties on April 18, 1984 (Plaintiff's Exh. No. 6) The Settlement Agreement provides in pertinent part as follows: First, that the Plaintiff waived any claim she may have to alimony (Paragraph 3a of Exh. No. 6); that the Debtor agreed to pay to the Plaintiff as child support the sum of $60.00 per week for both of the parties' two children. The child support was to be paid at this rate until a condominium owned jointly by the parties was sold, at which time the child support payments would be increased to $75.00 per week per child. These support payments were to terminate upon each child's reaching the age of majority. However, the Debtor agreed to continue to pay child support and tuition for each child even after they reached majority, provided they enrolled in an institution of higher learning. The Debtor promised to make these payments at least through the children's undergraduate school education. Both are now of age.

The agreement further provided that the Debtor was to pay the mortgage, taxes, insurance, and utilities on the condominium owned by the parties in which the wife and children would continue to live; that the Debtor was to assume and pay all current debts incurred by the parties up to the date of the separation; that the Debtor was to make the remaining payments on a 1981 Ford Mustang to be retained by the Plaintiff; and that the Debtor would be responsible for all income taxes owed by the parties.

The Debtor was at one time a member of the Bar in the State of Florida. He is also a licensed veterinarian and operates at

present a veterinary clinic known as Suncoast Animal Clinic. The Plaintiff does not have a college education; at the time of the dissolution of marriage, her net income was approximately $19,000.00 a year as a legal secretary and as an executive vice-president for an advertising association. (Plaintiff's Exh. No. 19)

Through her one-count Complaint, the Plaintiff alleges that the Defendant has failed to make child support payments totalling $6,780.00 and to pay accrued tuition totalling $2,100.16 which the Plaintiff has paid personally. (Plaintiff's Exh. No. 18) The Plaintiff also alleges that she made a $5,000.00 loan to her son, which loan should have been repaid by the Debtor. It should be noted that there is no evidence of any oral or written promise by the Debtor to repay this amount. In addition, the Plaintiff alleges that the Debtor failed to pay a total of $29,376.00 in mortgage payments, taxes, insurance and utilities on the condominium between November 1, 1984, and November 6, 1986. Further, the Plaintiff alleges that the Debtor failed to make payments on a $20,000.00 promissory note to the Plaintiff's mother, which note was subsequently assigned to the Plaintiff (Plaintiff's Exh. No. 15); that the Debtor failed to pay joint debts totalling $63,941.47 which the Plaintiff ultimately paid (Plaintiff's Exhs. Nos. 10–13); that the Debtor failed to make mortgage payments totalling $35,719.00 on the joint residence of the parties between October 1984 and September 1986; and finally, that the Debtor failed to make car payments in the sum of $1,453.93 as required by the settlement agreement.

Regarding the mortgage payments on the condominium, it should be noted that the Plaintiff never made these payments on behalf of the Debtor; that the Plaintiff moved out of the condominium in March of 1985 when she moved into a new residence purchased by her with funds given to her by the Debtor. It further appears that the mortgage payments accrued and owing on the condominium were paid from the proceeds of the ultimate sale of the condominium in November of 1986. The same is true for the former joint residence of the parties.

Although the Plaintiff originally appeared to have contended that the amounts owing to her are partly in the nature of alimony and partly in the nature of child support, it is her position now that the amounts described above are all in the nature of child support and not alimony.

Although the Debtor concedes that any amounts owing in child support are nondischargeable, he disputes the Plaintiff's claim that all the amounts claimed by the Plaintiff are, in fact, in the nature of child support. Specifically, the Debtor contends that none of the debts alleged to be nondischargeable by the Plaintiff represent any obligation to support the children with the exception of the periodic child support payments in the amount of $6,780.00. The balance claimed by the Plaintiff according to the Debtor are either instead in the nature of a property settlement or they are not in fact obligations owed by the Debtor to the Plaintiff at all. Further, the Debtor claims that his obligation to pay all child support terminated upon the children's reaching of the age of majority despite the contractual provision regarding college expenses in the settlement agreement. Thus, the Debtor contends that with the exception of the $6,780.00 owing in child support periodic payments, the debts should be determined to be dischargeable pursuant to § 523(a)(5) of the Bankruptcy Code, which provides in pertinent part as follows:

**523. EXCEPTIONS TO DISCHARGE**
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement....

It is well established that the exceptions to discharge should be construed narrowly against the creditor and in favor of the Debtor. *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970) Fur-

ther, the party challenging the dischargeability bears the burden of proof. *Green v. Green,* 5 B.R. 247 (Bkrtcy.N.D.Fla.1980); *In re Hunter,* 780 F.2d 1577 (11th Cir.1986)

Considering first the Plaintiff's claims that the debts owing in child support are nondischargeable, this Court is satisfied that the weekly payments for the support of the children are clearly nondischargeable. The same is true for the tuition payments made by the Plaintiff on behalf of the Debtor as under Florida law, where a parent has agreed as part of a settlement agreement that he will pay college expenses for a child, that agreement will be enforced even if the child has reached the age of majority. *See Gersten v. Gersten,* 281 So.2d 607 (Fla. 3d DCA 1973). There is no question that one of the children is enrolled in college, and has been enrolled on a regular basis.

Next, regarding the amounts owed by the Debtor on joint debts, this Court is satisfied that the Debtor's agreement to pay the joint debts was not in the nature of support. This is so in spite of the agreement of the Debtor that he will hold his ex-wife harmless on joint debts. The agreement would represent a nondischargeable obligation only if it is, in fact, in the nature of alimony or support. *See In re Stockdill,* 89 B.R. 978 (Bkrtcy.S.D.Fla. 1988), *citing, House Report No. 95–595, U.S.Code Cong. and Admin.News 1978, pp. 5787, 6320* The most important and indicative fact supporting the conclusion that the obligation is dischargeable is the Plaintiff's express waiver of all alimony rights. This conclusion is further supported by the fact that the Separation Agreement is divided into sections, including one titled "Custody and Support of Minor Children—Alimony." The agreement regarding the joint debts does not appear until several sections later. This Court is not unmindful of the fact that the titles given to portions of Settlement Agreements are not determinative as the determination of whether an obligation is in the nature of support is a matter of federal law, *In the Matter of Campbell,* 74 B.R. 805 (Bkrtcy.M.D.Fla.1987). However, the Plaintiff's unambiguous waiver of alimony coupled with the parties' designation of the hold harmless agreement leads this Court to conclude that it was not the parties' intent to include the agreement to pay joint debts as alimony or support. Further, these obligations are unconditional and are not conditioned upon the death or remarriage of the Plaintiff, which further supports this Court's finding that the obligations are in the nature of a property settlement. *See also In the Matter of Basile,* 44 B.R. 221 (Bkrtcy.M.D.Fla.1984); *In the Matter of MacKenzie,* 57 B.R. 107 (Bkrtcy.M.D.Fla.1985) In addition, one would be hard pressed to adopt the Plaintiff's reasoning that any amounts owing by the Debtor regarding the $5,000.00 loan, the car payments, and the joint debts of the Plaintiff and the Debtor are in fact child support. The Debtor's obligations on these amounts would at best indirectly benefit the parties' children by increasing the Plaintiff's disposable income. Finally, the claims of the Plaintiff relating to the $20,000.00 promissory note, it is evident that one need not elaborate on the character of this obligation in great detail. Clearly any obligation of the Debtor on this note is merely an unsecured debt and is not in the nature of alimony or support.

A separate final judgment will be entered in accordance with the foregoing.