**In re Jose CARBIA, Debtor.**

**Jose CARBIA, Plaintiff,**

**v.**

**Ilse CLARK, a/k/a Ilse Carbia, Dade County School Board and Luis A. Fors, Defendants.**

**Bankruptcy No. 89–01003–BKC–AJC.
Adv. No. 89–0453–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 31, 1990.

Luis A. Fors, Miami, Fla., for Ilse Carbia.

J. Michael Sara, P.A., Miami, Fla., for Jose Carbia.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on before the court on November 8, 1989 upon the complaint of JOSE CARBIA to determine dischargability of debts pursuant to Chapter 7 of the Bankruptcy Code, and the court having examined the evidence presented, and being otherwise fully advised in the premises, makes the following Finding of Fact and Conclusions of Law.

1. The Marital Settlement Agreement executed by JOSE CARBIA (hereafter CARBIA) and his ex-wife ILSE CLARK (hereafter CLARK), dated April 3, 1987, and incorporated into the Final Judgment dissolving the marriage, dated April 6, 1987, provides under the paragraph titled "Marital Debt" that CARBIA agreed to reimburse his former wife one-half of the amounts she paid to Sunbank–Miami, N.A. —$1,237.35; Jordan Marsh—$298.00; J. Byrons—$160.00; Burdines—$250.00; Lerners—$225.00; and the former wife's Credit Union—$2500.00.

Section 523(a)(5) excepts from discharge debts to a former spouse:

> ... for alimony to, maintenance for, or support of such spouse or child, in connection with a ... divorce ..., but not to the extent that ... (B) Such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

 Since the policy behind the Bankruptcy Code is to provide the debtor with a fresh start, there is a presumption that a debt is dischargeable. *In re White*, 84 B.R. 818 (Bankr.M.D.Fla.1988). Exceptions found in 11 U.S.C. Sec. 523(a)(5)(B)—alimony, maintenance and support—are strictly construed against the creditor, and the burden of proof is on such creditor. *In re Campbell*, 74 B.R. 805 (Bankr.M.D.Fla. 1987).

 The agreement would represent a non-dischargeable obligation only if it is in fact in the nature of alimony or support. See *In re Stockdill*, 89 B.R. 978 (Bkrtcy.S. D.Fla.1988), citing, *House Report No. 95–595, U.S.Code Cong.* and *Admin.News* 1978, pp. 5787, 6320. In determining dis-

chargeability under Section 523(a)(5), the initial inquiry is the actual situation of the parties at the time when the agreement was made. *Matter of Benich*, 811 F.2d 943 (5th Cir.1987). This court is satisfied that the Debtor's agreement to the joint debts was not in the nature of support and therefore dischargeable.

The court in *In re Casler*, 94 B.R. 741 (Bkrtcy.M.D.Fla.1988) found the debtor's agreement to pay the parties joint debts was not in the nature of support and therefore dischargeable. In *Casler* the separation agreement was divided into sections including one titled "Custody and Support of Minor Children–Alimony." The custody and support paragraph not only did not mention the joint debt agreement, but the agreement regarding debts did not appear until several sections later. The *Casler* court determined the parties's designation of the hold harmless agreement lead to the conclusion that it was not the intent of the parties to include the agreement to pay joint debts as alimony or support. Id. at 744.

Similarly, in the case at bar, there is no language in the Final Judgment which establishes a nexus between the marital debt provision and those paragraphs dealing with the support of the ex-wife and children. Thereby negating the assumption that this debt was to be included in support, alimony or maintenance.

Other factors to be considered by the Bankruptcy Court to determine the dischargeability of debt include (1) length of marriage, (2) whether children are adequately provided for, (3) adequacy of support obligation without hold harmless provision, (4) relative earning power of spouses, (5) whether payments are in lump sum or installments, (6) spouses relative ownership interest in the property, and (7) placement of the provision in the divorce decree. *In re Miller*, 8 B.R. 174, 176 (Bankr.N.D. Oh.1981).

At the time of the dissolution of marriage in *Moore v. Moore*, 78 B.R. 304 (Bankr.N.D.Fla.1987), the wife was gainfully employed and appeared fully capable of supporting herself. There were no indica-

tions of disparate incomes between the parties and no indication that the purpose of the settlement agreement was for that purpose. Id. The obligation did not go toward future items needed for support, but rather for past purchases made by the parties. Id. at 305.

In the instant case this court determines that the children are adequately provided for under a separate child support paragraph which does not refer to the marital debt. Furthermore, the earning power of the spouses are relatively equal when including in the child support. The intent and actual situation of the parties at the time of the divorce, show that these payments were meant as a property settlement between the parties. This obligation is therefore dischargeable under Section 523(a)(5).

2. The Marital Settlement Agreement provides under the paragraph titled "Lump Sum Alimony" that "The husband shall pay the wife as and for lump sum alimony the sum of $12,000.00 . . . ." Said payments to be made in installments. Further, the parties agreed that these payments would be "nonmodifiable and not subject to discharge in bankruptcy."

The fact that the Marital Settlement Agreement in the present case states that the lump sum "alimony" is not subject to discharge in bankruptcy (paragraph 5 page 5), is invalid as against public policy. *In re Markizer*, 66 B.R. 1014 (Bankr S.D. Fla.1986). Labeling a payment "alimony" in a settlement agreement is not determinative of the nature of such awards in concluding whether, in fact, it is alimony rather than property settlement. *In re Froman*, 43 B.R. 609 (Bankr.S.D.Fla.1984). The fact that a state court has used or approved such language is not determinative, since federal law prevails in determining whether an obligation is alimony, support, or a property settlement. *In re Basile*, 44 B.R. 221 (Bankr.M.D.Fla.1984).

Each of the parties made a downpayment of $12,000.00 on the family residence. The house was lost in foreclosure during the marriage. The property settle-

ment agreement provides that CARBIA shall reimburse CLARK for her half of the down-payment. Under the above cited authorities, this is not a provision providing for the support of CLARK based on need; it is a property settlement provision based on the amount CLARK invested in the family home. As such, it is dischargeable.

 In determining whether the provision in a Property Settlement Agreement is alimony or property settlement, one of the yardsticks used by the courts is whether the payment is to balance disparate incomes. *In re White*, 84 B.R. 818, 821–822 (Bankr.M.D.Fla.1988). At the time of dissolution, CARBIA's yearly income was approximately $44,000.00 gross and CLARK's gross yearly income was approximately $30,000.00. The court awarded child support to CLARK from CARBIA of $300.00 a week, be-weekly, or a yearly total of $15,-600.00. This made the yearly income of CARBIA approximately $28,400.00 and of CLARK $45,600.00. It is evident that the other financial features of the Property Settlement Agreement that we are considering here were not necessary to balance the income of the parties.

3. The Supplemental Income Deduction Order dated June 9, 1989 awards attorney's fees to ILSE CARBIA's attorney, LUIS A. FORS, in the amount of $2,453.00. These fees were awarded for the legal fees incurred in obligating the former husband, JOSE CARBIA, to comply with his support obligations under the terms of the Marital Settlement Agreement. The evidence examined by this court shows that these fees were awarded by the State Court Judge, pursuant to the enforcement of contempt for Debtor's failure to pay his support obligations.

In the case of *In re Romano*, 27 B.R. 36 (Bankr.M.D.Fla.1983), the court held that an award of attorney's fees to the wife not only in the initial dissolution proceeding but also with regard to enforcement of contempt for failure to pay child support and alimony was not dischargeable.

In the instant case, because of the link between the attorney's fees awarded and the quest to effectuate the support obli-gation, these fees are not dischargeable under 523(a)(5).

DONE and ORDERED.

## FINAL JUDGMENT

In conformity with the Findings of Fact and Conclusions of Law of even date, it is

ORDERED.

That the obligations owed by the Plaintiff/debtor to the Defendant/creditor pursuant to the Marital Settlement Agreement, and titled "Marital Debts" and "Lump Sum Alimony", are dischargeable under Section 523(a)(5)(B), of the Bankruptcy Code, because these obligations were not for the support and maintenance of the Defendant/creditor, but rather meant as a distribution of property between the parties.

Further, that the attorney's fees awarded to Luis A. Fors, Esq., by the State Court are nondischargeable, because the fees were incurred in connection with the enforcement of the support obligations of the Plaintiff/Debtor.

DONE and ORDERED.