In re George ARMENTO, Jr., Debtor.

Patricia Lee ARMENTO, Plaintiff,

v.

George ARMENTO, Jr., Defendant.

Bankruptcy No. 90–26841–BKC–SMW.
Adv. No. 91–0011–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

May 17, 1991.

Howard Kusnick, Sunrise, Fla., for plaintiff.

Stanley Sokolowski, Pompano Beach, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come before the Court upon the complaint of Patricia Lee Armento (the "creditor") against George Armento, Jr. (the "debtor") to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(5), and to object to the discharge of the debtor pursuant to 11 U.S.C. § 727(a)(4), and the Court having heard the testimony, examined the evidence presented, observed the candor and de-

meanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a, b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I) and (K).

The parties were married on June 25, 1983 and have one minor child. On April 25, 1989, the creditor and the debtor executed a Property Settlement Agreement which was ratified, approved and incorporated into a Final Judgment of Dissolution of Marriage entered by the Seventeenth Circuit Court in and for Broward County, Florida. The Property Settlement Agreement provides that the creditor is entitled to receive $7000.00 representing her interest in the marital home. This amount is to be paid to the creditor by the debtor at the rate of $200.00 per month until satisfied, or until the property is sold. The agreement vests the creditor with custody of the minor child of the parties and requires the debtor to pay $100.00 per week to the creditor towards the support of the child. Both parties waived all rights to alimony payments.

Additionally, the agreement requires each of the parties to be responsible for their respective debts and also contains a hold harmless clause. Specifically, paragraph VI(C) of the Property Settlement Agreement provides as follows:

VI. *Personal Property:* The Husband and Wife have agreed to divide their personal property as follows:

C. It is acknowledge [sic] by the parties that they have been jointly obligated on various debts, most of which are in their individual names. The Wife shall be responsible for those bills in her name, and the Husband shall be responsible for those bills in his name except for the Citicorp Savings Account which the Husband shall be responsible for and pay. If presently unknown obligations exist, the party who incurred the obligation is responsible for its payment and holds the other harmless from any liability on it. If any action or proceeding is initiated to hold a party responsible for an obligation incurred by the other party, the party who incurred the obligation shall defend the other, whether or not the action or proceeding is well founded.

At the time the agreement was executed, the parties owned several credit cards which were issued in their joint names. The creditor returned her credit cards to the debtor. However, the creditor failed to notify the card issuers in order to have her name removed from the credit card accounts.

The debtor is an independent contractor who earns, on the average, approximately $500.00 per week. The creditor is a secretary who earns approximately $200.00 per week and who borrowed funds from her family following the divorce in order to obtain a car and an apartment. Following the entry of the Final Judgment of Dissolution of Marriage, the debtor continued to use the credit cards on which both parties are jointly and severally liable. On July 30, 1990, the debtor purchased various items of women's apparel in the amount of $635.99 using a Burdines credit card issued jointly to the parties. On August 25, 1990, the debtor again used the Burdines credit card to purchase women's apparel in the amount of $135.69. Additionally, the debtor incurred debts on a Discover Card (outstanding balance of $1,301.88), a Barnett Bank Visa Card (outstanding balance of $1,070.70), and a Barnett Bank Master Card (outstanding loan balance of $2,849.75).

On September 24, 1990, the debtor filed his petition under Chapter 7 in this Court. The debtor failed to include a list of all assets owned by him in the schedules appended to the petition. The omissions in the debtor's schedules included a failure to disclose the ownership of scuba equipment, a stereo receiver, and a washer and dryer in the home of the debtor. At the request of the trustee following the Section 341

meeting of creditors, the debtor submitted an amended schedule B–2 wherein the debtor itemized all of the property owned by him. Thereafter, the trustee filed a Report of No Distribution and a Report of Abandonment.

The creditor commenced this adversary proceeding seeking to deny the debtor his discharge based on his failure to make complete disclosure on the schedules or, alternatively, seeking to except the credit card obligations from discharge by virtue of the hold harmless clause in the settlement agreement. In Count I of her complaint, the creditor alleges that the following debts are nondischargeable:

1. The debtor's payment of $200.00 per month to the creditor representing the creditor's interest in the marital home;

2. The lease payments on a 1988 Safari Van which remained in the debtor's possession following the divorce;

3. The payment of all debts of the parties during the marriage except the Citicorp Savings debt as described in paragraph VI(C) (of the settlement agreement); and,

4. The debtor's purchases through the use of the credit cards for which he has agreed to indemnify the creditor.

The debtor answered the creditor's complaint and admitted that the $200.00 per month payments to the creditor are nondischargeable. Similarly, it is uncontroverted that the $100.00 per week child support payments are nondischargeable. Additionally, the debtor asserted, without dispute from the creditor, that the 1988 Safari Van was repossessed based on the failure to make the monthly payments.

With respect to the creditor's allegation that the debtor is obligated to pay all of the debts of the parties during the course of the marriage except for the Citicorp Savings Account, the creditor has misread the language of the settlement agreement. The agreement makes each party responsible for his or her respective obligations, with the exception of the Citicorp Savings Account which is the debtor's responsibility to pay. The agreement does not impose upon the debtor the obligation to pay for all of the debts of the parties during the course of the marriage. Therefore, the only issue before the Court is whether the hold harmless agreement which requires the debtor to indemnify the creditor for any obligations incurred by him renders the credit card charges of the debtor nondischargeable under Section 523(a)(5).

Section 523(a)(5), excepts from discharge debts to a former spouse:

> "for alimony to, maintenance for, or support of such spouse ... in connection with a ... divorce decree ..., not to the extent that ... (B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance, or support."

11 U.S.C. § 523(a)(5). What constitutes alimony, maintenance or support is to be determined under federal bankruptcy law and not state law. *In re Orr,* 99 B.R. 109 (Bankr.S.D.Fla.1989).

 Since the policy behind the Bankruptcy Code is to provide the debtor with a fresh start, there is a presumption that a debt is dischargeable. *In re Carbia,* 113 B.R. 761, 762 (Bankr.S.D.Fla.1990). The exceptions to discharge under Section 523(a)(5) for alimony, maintenance and support are strictly construed against the creditor, and the burden of proof is on the creditor. *In the Matter of Campbell,* 74 B.R. 805 (Bankr.M.D.Fla.1987). The hold harmless agreement would render the credit card obligations nondischargeable only if the agreement is in fact in the nature of alimony or support. *In re Stockdill,* 89 B.R. 978 (Bankr.S.D.Fla.1988).

 The Property Settlement Agreement is divided into distinct parts. The waiver of alimony is contained within the section captioned *"Alimony."* The hold harmless clause is contained within the section captioned *"Personal Property."* However, this Court is mindful that titles given to portions of settlement agreements are not dispositive, as the determination of whether an obligation is in the nature of support is a question of federal law. *In the Matter of Campbell,* 74 B.R. 805. Fur-

ther, in determining whether the debt in question is in the nature of support or a property settlement, the substance of the liability must be examined rather than the form. *In re Thomas*, 21 B.R. 571, 573 (Bankr.E.D.Pa.1982).

The form of the debt in question is the obligation to pay the credit card issuers for the purchases made on the accounts by the debtor. However, the substance of the obligations is that the creditor is being held liable for the cost of luxury items purchased by the debtor, and for which the debtor now seeks a discharge. The hold harmless clause makes each party responsible for his or her individual debts. The clause was inserted in order to avoid the inequities of placing the creditor in the position of having to pay for the financial obligations incurred solely by the debtor.

■ This Court is aware that the language of Section 523(a)(5) does not suggest a precise inquiry into the financial circumstances of the parties to determine the specific levels of need. *See In re Harrell*, 754 F.2d 902, 906 (11th Cir.1985). The Court is also cognizant, however, that in determining dischargeability under Section 523(a)(5), the initial inquiry is the actual situation of the parties at the time the agreement was made. *See In re Carbia*, 113 B.R. at 763.

■ The creditor waived all rights to alimony in the agreement. However, at the time the waiver was made, the creditor did not contemplate being placed in the untenable position of having to pay for the credit card debts incurred by the debtor. Absent the hold harmless agreement, the support payments made by the debtor to the creditor pursuant to the settlement agreement would be rendered ineffectual. The payments would not provide the support the parties contemplated would be necessary to maintain the creditor and the minor child at the time the settlement was executed, if the creditor is now obligated to pay for the debts incurred solely by the debtor. Therefore, the Court finds that the hold harmless agreement is in the nature of support and that the hold harmless agreement renders the credit card charges

nondischargeable by operation of 11 U.S.C. § 523(a)(5).

In Count II of the complaint, the creditor objects to the discharge of the debtor based on the debtor's failure to make a complete disclosure on the schedules to the petition. Under Section 727(a)(4), the Court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial....

11 U.S.C. § 727(a)(4).

■ The party objecting to the discharge of the debtor has the burden of proving the objection. Bankruptcy Rule 4005; *In re Bernstein*, 78 B.R. 619 (Bankr. S.D.Fla.1987). Objections to the discharge of the debtor have been traditionally recognized to be remedial and are to be liberally construed in favor of the debtor and strictly construed against the objecting party. *In re Cutignola*, 87 B.R. 702 (Bankr.M.D. Fla.1988); *In re Muscatell*, 113 B.R. 72 (Bankr.M.D.Fla.1990). In order to sustain an objection to discharge under Section 727(a)(4)(A), the following elements must be proven by the objecting party:

1. the debtor made a statement under oath;

2. such statement was false;

3. the debtor knew the statement was false;

4. the debtor made the statement with fraudulent intent; and,

5. the statement related materially to the bankruptcy case.

*In re Arcuri*, 116 B.R. 873, 880 (Bankr.S.D. N.Y.1990). The purpose of Section 727(a)(4)(A) is to assure that adequate in-

formation is available to those interested in the administration of the bankruptcy estate without the need of examinations or investigations to determine whether the information provided is true. *In re Alfonso*, 94 B.R. 777, 778 (Bankr.S.D.Fla.1988); *In re Sofro*, 110 B.R. 989 (Bankr.S.D.Fla.1990). The objecting party must establish the actual intent of the debtor, however, actual intent may be inferred from the debtor's conduct or from the particular circumstances of the case. *In re Topping*, 84 B.R. 840 (Bankr.M.D.Fla.1988); *In re Ingersoll*, 106 B.R. 287 (Bankr.M.D.Fla.1989).

In this instance the debtor failed to disclose his ownership of various items of personal property. However, following the request of the trustee, the debtor timely submitted to the trustee an inventory list containing a description, as well as the estimated value, of all the personal property in the possession of the debtor. Thereafter, the trustee filed a Report of No Distribution indicating that the case was a no asset case.

The debtor testified that the failure to list the items of personalty in the original schedules was the result of inadvertence in that the debtor estimated the items to be virtually worthless. The debtor further asserted that his timely response to the request of the trustee evinces a lack of fraudulent intent on his part. This Court is mindful, and indeed zealous, of a debtor's paramount duty to consider all questions posed on a statement or schedule carefully and see that the question is answered completely in all respects. *See, In re Sofro*, 110 B.R. 989; *In re Van Den Heuvel*, 125 B.R. 846 (Bankr.S.D.Fla.1991). Complete and adequate disclosure in the bankruptcy schedules is instrumental in assuring an expeditious and orderly administration of the debtor's estate. However, based on the evidence presented, the Court finds that the creditor has not established that the debtor fraudulently intended to conceal the information omitted from the original schedules to the petition. Therefore, the Court finds that the creditor's objection to the discharge of the debtor shall be overruled.

Based upon the foregoing, the Court finds that the hold harmless agreement renders the credit card debts incurred by the debtor nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The creditor's objection to the discharge of the debtor under 11 U.S.C. § 727(a)(4) is overruled.

A separate final judgment consistent with the findings herein has been entered by the Court.

### FINAL JUDGMENT

In conformity with the Findings of Fact and Conclusions of Law of even date, it is hereby:

ORDERED AND ADJUDGED as follows:

1. The child support payments of $100.00 per week made by the debtor, GEORGE ARMENTO, JR., to the creditor, PATRICIA LEE ARMENTO, are nondischargeable under 11 U.S.C. § 523(a)(5).

2. The payments of $200.00 per month made by the debtor, GEORGE ARMENTO, JR., to the creditor, PATRICIA LEE ARMENTO, are nondischargeable under 11 U.S.C. § 523(a)(5) as admitted in the pleadings.

3. The obligation of the debtor, GEORGE ARMENTO, JR., to make the lease payments on the 1988 Safari Van are dischargeable under 11 U.S.C. § 523(a)(5).

4. The hold harmless clause in the Property Settlement Agreement executed by the parties on April 25, 1989, renders the credit card debts incurred by the debtor, GEORGE ARMENTO, JR., nondischargeable by operation of 11 U.S.C. § 523(a)(5).

5. The objection of the creditor, PATRICIA LEE ARMENTO, to the discharge of the debtor, GEORGE ARMENTO, JR., under 11 U.S.C. § 727(a)(4) is overruled.

DONE AND ORDERED.