**In re James Richard BUCK, Debtor.**

**Suzan BUCK, Plaintiff,**

v.

**James BUCK, Defendant.**

**Bankruptcy No. 92–08656.
Adv. No. 93–0025A.**

United States Bankruptcy Court,
M.D. Tennessee.

Nov. 29, 1993.

Dale Bohannon, Cookeville, TN, for defendant.

David Day, Cookeville, TN, for plaintiff.

## *MEMORANDUM*

GEORGE C. PAINE, II, Chief Judge.

The plaintiff has initiated this adversary proceeding to resolve the following two issues: (1) whether the debtor should be denied a discharge of his debt pursuant to 11 U.S.C. § 727(a)(4)(A) because the debtor knowingly and fraudulently committed a false oath or account in the filing of his Chapter 7 bankruptcy, and (2) whether the debtor's petition for bankruptcy should be dismissed pursuant to 11 U.S.C. § 707(a) for cause, due to lack of good faith. On both matters, the court finds in favor of the defendant. The following are findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

As to the first issue, the elements necessary to prove that a debtor should be denied a discharge under § 727(a)(4)(A) are well established. Section 727(a)(4)(A) states that the court shall deny a debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account." The plaintiff must prove by a preponderance of the evidence that the debtor knew the truth, but nonetheless willfully and intentionally swore to what was false. *In re Cline,* 48 B.R. 581, 584 (Bankr.E.D.Tenn.1985); *In re McCloud,* 7 B.R. 819, 821 (Bankr.M.D.Tenn.1980). *See also In re Armento,* 127 B.R. 486, 490–91 (Bankr.S.D.Fla.1991). In addition, a false statement must be of consequence to material issues in the bankruptcy case. *McCloud,* 7 B.R. at 821.

After reviewing the plaintiff's proof, the court finds that the plaintiff failed to meet its burden. The plaintiff's proof consisted of citing various alleged errors and omissions in the Schedules and the Statement of Financial Affairs filed with the debtor's bankruptcy petition. The plaintiff raised the following errors in the debtor's bankruptcy schedules: Error (1)—the debtor valued the Rains Insurance, Inc. stock at $123,745 in Schedule B, yet in several, pre-petition financial statements and credit applications, he valued the stock at $280,000; Error (2)—the debtor valued his household goods at $679 in Schedules B and C, yet in a pre-petition, individual financial statement dated 10/5/92, he valued them at $54,000; Error (3)—the debtor valued his interest in the Insurors Investment partnership as "0" in Schedule B, yet testified that he received $393 per month from this partnership and valued his partnership interest at $21,620; and Error (4)—debtor disclosed a $1,393 per month installment payment on a Union Bank loan in Schedule J, yet testified that this loan was renewable on the payment of interest with only occasional principal payments made by the debtor.

In each instance, the court heard convincing evidence that such errors were not the result of a willful or intentional attempt to defraud or falsify the debtor's bankruptcy petition. As to Error (1), the court finds that the $123,745 value disclosed in Schedule B was the proper value of the Rains Insurance stock. The testimony of the debtor and Lyndon Rains and defendant's Exhibits C and E demonstrated that the stock had been valued at a multiplier of 1.3 × book value in prior arms-length sales. As such, the debtor's disclosure of this value was not a false oath.

On Error (2), the debtor testified that he properly valued his household goods at $679 in Schedules B and C because his current wife, Sheryl R. Buck, owned all of the household goods in their primary residence. This is verified by testimony that the primary residence belonged to the debtor's wife, who owned the residence and all its contents before her marriage to the debtor.

The court finds Error (3) was an unintentional mistake by the debtor. The

debtor disclosed the $393 per month of income from the Insurors Investment partnership under Schedule I. Further, the debtor assumed that the asset value of this partnership was reflected in other assets disclosed elsewhere in the schedules. Finally, Error (4) also was unintentional because the $1,393 per month payment reflected what the debtor desired to pay on the Union Bank loan rather than what he actually paid in the past. The debtor reached this payment figure by allocating the $1,000 per month income from the Rains Insurance stock plus the $393 per month income from Insurors Investment to service the loan.

The plaintiff also raised the following omissions in the debtor's bankruptcy Schedules and Statements: Omission (1)—In Schedule A, the debtor showed "None" as his interest in real property, yet in the pre-petition, individual financial statement dated 10/5/92, he showed assets of a house and three acres worth $90,000; Omission (2)—In Schedule B, the debtor showed "None" as his interests in partnerships, yet testified that he was a partner in Financial Benefits and Insurors Investment; Omission (3)—the debtor failed to include these partnership interests in line 16(a) of the Statement of Financial Affairs; and Omission (4)—debtor was in possession of several antiques, prints, and other miscellaneous personal property, yet failed to disclose their value in the bankruptcy schedules.

Again, as with the errors cited by the plaintiff, the court heard convincing evidence that these omissions did not prove an intent to willfully falsify the debtor's bankruptcy petition. Omission (1) was an accurate disclosure that the debtor's present wife, Sheryl R. Buck, owned the house and three acres. Testimony showed that Mrs. Buck originally built the house with her former husband. The pre-petition transfer of the property from the debtor to Mrs. Buck was to correct a bank error and not to conceal the debtor's assets.

The court finds Omission (2) and (3) were unintentional mistakes. One of the two partnerships the debtor failed to disclose, Insurors Investment, was disclosed in Schedule B as a corporation. The debtor failed to disclose Financial Benefits as an oversight,

not a willful attempt to falsify his petition. Finally, Omission (4) was not a false statement because testimony showed that the personal property referred to did not belong to the debtor.

This court previously held that repeated errors and omissions can have the " 'cumulative effect' " of evidencing a " 'pattern of reckless and cavalier disregard for the truth,' " leading the court to deny a discharge under § 727(a)(4)(A). *In re Ligon,* 55 B.R. 250, 253 (Bankr.M.D.Tenn.1985) (citing *In re Diodati,* 9 B.R. 804, 808 (Bankr.D.Mass. 1981)). However, after reviewing the evidence presented in this case, the court does not find that the debtor, who was completely credible in his testimony, demonstrated such a pattern of reckless and cavalier behavior amounting to a fraudulent intent to falsify his bankruptcy petition.

For the foregoing reasons, the court concludes that the plaintiff has failed to show by a preponderance of evidence that the above errors and omissions were knowingly and fraudulently made by the debtor or constituted a reckless disregard for the truth. Accordingly, the debtor should not be denied discharge under § 727(a)(4)(A).

The second issue before the court regards whether the debtor's bankruptcy filing should be dismissed pursuant to § 707(a) for cause. The Sixth Circuit in *In re Zick,* 931 F.2d 1124, 1127 (6th Cir.1991), held that "lack of good faith is a basis for dismissal under § 707(a)." The *Zick* court found that dismissal based on lack of good faith "should be carefully confined and is generally utilized only in those egregious cases that entail [1] concealed or misrepresented assets and/or sources of income, and [2] excessive and continued expenditures, lavish lifestyle, and [3] intention to avoid a large single debt based on conduct akin to fraud, misconduct or gross negligence." *Id.* at 1129.

The plaintiff alleged the following indicia of bad faith: (1) the debtor testified that he filed Chapter 7 to avoid the debts of his two ex-wives, (2) none of the debtor's bank creditors found the debtor to be in default or past due on any of his bank loans prior to filing, and (3) the debtor continued to pay all his

bank debts after filing with the exception of the Union Bank loan secured by the Rains Insurance stock. Consequently, the plaintiff argues, the debtor should not be afforded the protections of a Chapter 7 bankruptcy.

The court, however, finds that the debtor had legitimate and justifiable reasons for filing Chapter 7 and thus filed in good faith. Just prior to filing, the debtor discovered that his wages were to be garnished in the amount of $42,855.65 to collect on a state court judgment obtained by the plaintiff. *See* Defendant's Exhibit D. At the time of the impending garnishment, the debtor was experiencing cash flow problems due to a debt load and insufficient income from the Rains Insurance stock. In the debtor's words, the plaintiff's garnishment "put the nail in the coffin."

Furthermore, applying the *Zick* standards, the court finds that this case is not an "egregious cases" warranting dismissal for a bad faith filing. First, there is insufficient evidence that the debtor intended to conceal or misrepresent his assets or income, as concluded in the discharge issue. Moreover, the debtor's actual income and current expenditures do not reflect a debtor engaged in "excessive and continued expenditures" or a "lavish lifestyle." *See* Defendant's exhibits A and B. Instead, they demonstrate a debtor managing a tight budget and experiencing significant cash flow difficulties. The debtor is unable to pay both his current banking indebtedness and the plaintiff's garnishment.

Finally, while evidence exists that the debtor filed bankruptcy to avoid a single debt, i.e., the plaintiff's garnishment, there is insufficient evidence that the filing was "based on conduct akin to fraud, misconduct or gross negligence" by the debtor. If the debtor's bankruptcy were dismissed, the debtor could not adequately service all of his debts plus the plaintiff's garnishment. The evidence shows that the debtor is in legitimate need of the protections afforded by a bankruptcy filing and filed in good faith to seek such protection.

Accordingly, the court concludes that the debtor's Chapter 7 bankruptcy filing will not be dismissed for lack of good faith under § 707(a).

IT IS SO ORDERED.