**In re Richard Steven FULTON, Debtor.**

**Olivette Whipple and Charles H. Robertson, Plaintiffs,**

**v.**

**Richard Steven Fulton, Defendant.**

**Bankruptcy No. 98–43189–S. Adversary No. 98–4168.**

United States Bankruptcy Court, E.D. Texas, Sherman Division.

July 30, 1999.

---

Richard S. Fulton, Flower Mound, TX, Pro Se.

Joseph A. Friedman, Kane, Russell, Coleman & Logan, P.C., Dallas, TX, for Plaintiffs.

## MEMORANDUM OPINION

DONALD R. SHARP, Chief Judge.

Now before the Court for consideration is the Plaintiffs' Motion For Summary Judgment filed by Olivette Whipple and Charles H. Robertson. The Court considered the pleadings filed, the attachments and the record in this case. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Richard Steven Fulton (the "Debtor") filed a voluntary petition under Ch. 7 on September 15, 1998. The Debtor has not been discharged. This adversary proceeding was initiated thereafter by the filing of the Complaint To Determine Dischargeability of Debts Pursuant To 11 U.S.C. § 523(a)(5) and (15). On June 14, 1999, the Plaintiffs filed this Motion for Summary Judgment ("Motion") and the Debtor, as Defendant, answered timely. Olivette Whipple, the Plaintiff, is a former spouse of the Debtor. They have one child, Richard William Fulton. The dispute arises out of the May 2, 1997 Agreed Decree of Divorce and its subsequent modification, dated June 4, 1998, entered in the District Court for the 366th Judicial District, Collin County(the "Decree"). The Decree requires the payment by the Debtor of child support under Chapter 154 of the Texas Family Code, attorneys fees adjudicated by the State Court as being "in the nature of child support, [and] taxed as costs" payable to the Plaintiff's attorney, Charles Robertson and also, orders Debtor to pay, indemnify and hold harmless Whipple from the Debtor's sole debts incurred after February 4, 1997, taxes on property awarded to Debtor under the decree, federal income tax set forth in the decree, secured debt for his Honda motor vehicle, the Debtor's legal fees to Jack Pepper, certain credit card debts listed by name and amount with no account information or date on which those amounts were calculated, and a 401(k) loan debt all as listed on Schedule 4 of the Agreed Decree of Divorce (the "Indemnification Obligations"). The Complaint alleges that the Indemnification Obligations are "actually in the nature of support for his former spouse". The Complaint also states that the Debtor currently has deducted from his monthly wages 26% of income for "charitable contributions and to fund personal retirement plans" indicating his abili-

ty to repay his debts. The Motion for Summary Judgment avers that "with proper budgeting Defendant has sufficient disposal [*SIC*] income to enable him to pay the total amount of non-dischargeable indemnification obligation". Plaintiffs do not develop or support the hardship/burden of repayment issue with argument, authorities or evidence beyond a reference to the Debtor's Schedules. The Complaint seeks the Court's declaration that the Indemnification Obligations, attorneys' fees and child support debts are non-dischargeable under either 11 U.S.C. § 523(a)(5) or (15) and also seeks the award of a money judgment for such amounts against the Debtor together with costs of court, interest and additional attorneys' fees for filing and pursuing this adversary proceeding. The Complaint originally filed by Whipple was amended to add Charles Robertson, her former counsel, as co-plaintiff.

The Motion For Summary Judgment requests that this Court enter an order declaring the following specific debts non-dischargeable pursuant to 11 U.S.C. § 523(a)(5):

(1) debt for attorneys' fees awarded pursuant to the terms of the Decree;

(2) debt for child support in the amount of $800.00 per month pursuant to the Decree;

(3) Debtor's obligation, if any, to maintain medical, dental and health insurance for his minor child pursuant to the Decree;

(4) Debtor's conditional obligation, if any, to pay "one-half of all cost and expense associated with the schooling of the Child at an accredited university, including but not limited to tuition, room, board, lab fees and school supplies" pursuant to the Decree. The Debtor in his Answer to Plaintiffs' Motion For Summary Judgment And Answer To Plaintiffs' Amended Complaint (the "Answer") stated that he agrees to and does not contest items two, three and four of the foregoing obligations.

The items remaining in controversy in the Motion for Summary Judgment are:

(a) the dischargeability of the attorney fees awarded in the Decree order;

(b) the plaintiff's request that this Court award attorneys' fees for pursuing this adversary proceeding;

(c) plaintiff's request for an order declaring that the Debtor's obligation to indemnify and hold Whipple harmless from certain debts scheduled under their Divorce Decree is non-dischargeable; and

(d) plaintiffs' request for an order granting "a money judgment in favor of Plaintiff Whipple in the amount of the Indemnification Obligations paid by Plaintiff Whipple as of the date of filing th[e] Motion plus post judgment interest on such amounts as provided by law."

The Debtor's Answer objects to entry of summary judgment and seeks an order discharging the debts for attorneys' fees and the Indemnification Obligations "as not actually in the nature of child support".

### DISCUSSION

Summary Judgment is appropriate in bankruptcy proceedings when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *In re McCafferty*, 96 F.3d 192. The burden of establishing the nonexistence of a "genuine issue" is on the party moving for Summary Judgment. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). One cannot rest on the mere allegations of the pleadings. In *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Court held that (1) only disputes over facts that might legitimately effect the outcome are material under Rule 56; (2) the test for determining whether a genuine issue of material fact exists is the same as the test for granting a directed verdict (i.e. whether the evidence is sufficient to sustain a verdict for the non-moving party); and (3) in applying the test the court must view the evidence in the light most favorable to the non-movant and assess its sufficiency according to the evi-

dentiary burden imposed by the controlling substantive law. Under Rule 56(e), the burden shifts. Rule 56(e) requires the opposing party to "set forth specific facts" that demonstrate the existence of a genuine issue for trial.

11 U.S.C. § 523 titled "Exceptions to discharge" provides: (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-....

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

>> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

>> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

> and

> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

See *11 U.S.C. § 523(a)(5) and (15)*.

The question before the Court is whether there are no genuine [1]issues of material facts before the Court sufficient to grant summary judgment with respect to entry of an order determining the attorneys' fees, interest thereon and the Indemnification Obligations non-dischargeable under 11 U.S.C. § 523. This Court must view the evidence in the light most favorable to the non-movant and assess its sufficiency according to the evidentiary burden imposed by the controlling substantive law. *Anderson v. Liberty Lobby, supra* at 243, 106 S.Ct. 2505.

 The Bankruptcy Court's determination of whether the attorneys' fees and Indemnity Obligations are "actually in the nature of alimony, maintenance or support" under § 523(a)(5) of the Bankruptcy Code, not merely designated as such, and, therefore, nondischargeable, is a factual finding which must be supported by evidence. See *Fraser v. Fraser,* 196 B.R. 371, 374 (E.D.Tex.1996) and *Beaupied v. Chang (In re Chang),* 163 F.3d 1138 (9th Cir.1998) *cert. denied Chang v. Baupied,* — U.S. ——, 119 S.Ct. 2029, 143 L.Ed.2d 1039 (1999). While a bankruptcy court is not bound by state laws that define an item as support or property settlement

---

1. Frequently, throughout the pleadings both parties have referred to the best interests of the child. "Best interests of the child" is not the issue before this Court in this matter; it is a test applied at the State Court level with respect to custody and other domestic disputes.

[e.g. *In re Williams*, 703 F.2d 1055 (8th Cir.1983)], neither is there any law to prohibit it from adopting that Court's characterization. This Court is of the opinion that under the circumstances of the case before this Court, given that there was a full trial on the merits, as evidenced by the record in this case, the Collin County District Court's findings in the Decree @ p. 34, the doctrine of collateral estoppel prevents a retrying of that court's characterization of the attorneys' fees as "in the nature of support." Additionally, jurisprudence in the Fifth Circuit mandates the same result. The Fifth Circuit Court found in *Matter of Hudson*, 107 F.3d 355, 357 (5th Cir.1997), "[b]ecause the ultimate purpose of such a proceeding is to provide support for the child, the attorneys' fees incurred inure to her benefit and support, and therefore fall under the exception to dischargeability set out in § 523(a)(5)." Furthermore, a court ordered obligation to pay attorneys' fees charged by an attorney that represents a child's parent in child support litigation against the debtor is non-dischargeable. *Dvorak v. Carlson* (*In re Dvorak*), 986 F.2d 940, 941 (5th Cir. 1993). There is no factual dispute and the attorney fees in question are nondischargeable as a matter of law.

■ The Plaintiff asserts that the Indemnification Obligations contained in the Decree are either in the nature of support or they are non-dischargeable under 11 U.S.C. § 523(a)(15) which would require an additional inquiry into the Debtor's ability to make the payments and the relative hardships between the parties depending on whether the Debtor was required to make the payments. If the Indemnification Obligations are characterized as a maintenance or support obligation, then subsection (15) of § 523(a) is not called into play. Support obligations are simply non-dischargeable without an inquiry into the ability of the Debtor to make the payments.

■ The jurisprudence dealing with the characterization of an agreement as an alimony, maintenance or support obligation or a property settlement demonstrates that it is a specific inquiry dealing with the specific case at hand. Some courts hold that the bankruptcy court must examine the function the parties intended the agreement to serve when they entered into it and that is a factual question which the bankruptcy court must decide. *Boyle v. Donovan*, 724 F.2d 681 (8th Cir.1984) and *In re Williams*, Supra at 1057–58. Some courts have focused on the nature of the debt for which the Debtor has an Indemnification Obligation instead of the intent of the parties or the court. *In re Miller*, 8 B.R. 174 (Bkrtcy.N.D.Ohio 1981); *Moore v. Moore*, 78 B.R. 304 (N.D.Fla.1987); *In re Terrell*, 114 B.R. 907 (Bkrtcy.W.D.Ky. 1989) In the instant case, this Court has reviewed the structure of the agreed decree of divorce with respect to the schedule 3 and schedule 4 debts. That state court decree simply separates formerly community debts into two groups and assigns one of them to each spouse. In this case, the Debtor is given primary obligation to pay the schedule 4 debts and in the event his ex-spouse is ever called upon to pay those debts pursuant to her community obligation to the creditors, the Debtor is obligated to indemnify her for those costs. In the Debtor's affidavit in opposition to the motion for summary judgment, he argues that the Indemnification Obligations are strictly a part of a property settlement and were never intended as support. They are in a section of the Decree titled property settlement. There is certainly no evidence in the record from which this Court can determine the nature of the debts for which the indemnification is sought. They all appear to be routine credit card obligations such as any married couple might have upon the dissolution of their marriage. One thing that this Court can make a clear determination of is that the Indemnification Obligation deals with a division of debts not a division of property. These are not obligations that are attached

to a corresponding property right where one would have to make a determination as to the off-setting values of the property involved and the debt against that property. This division in the divorce decree is simply an allocation of the former community debt to each of the spouses and the obligation to indemnify the ex-spouse in the event that ex-spouse is called upon to pay the other debt. Another method of analysis is demonstrated by the reasoning in *Balvich v. Balvich*, 135 B.R. 327 (Bkrtcy.N.D.Ind.1991) In that case, the court stated "to the extent the obligation is not fulfilled and the former spouse, rather than the debtor, is required to pay it, payment, almost of necessity, will impact upon the non-debtor spouse's ability to support itself, since every dollar which must be paid on account of a previous marital debt is a dollar which is not available to meet current needs." Although that reasoning may be extremely attractive in its simplicity to apply, it creates a situation where no Indemnification Obligation would ever be dischargeable. It is obvious that any payment by any spouse on former community debt that should have been paid by the other is a dollar for dollar reduction in that spouses ability to support itself. This Court finds that it cannot adopt that reasoning and dispose of this matter by summary judgment. As noted above, this Court is not bound by the state court characterization of the obligation, and therefore, the mere fact that the obligation is included in a section of the Decree entitled property settlement is not dispositive. A careful review of all of the documents before the Court discloses no clear indication that either the parties or the Court intended that obligation to be in some way in lieu of a support obligation. That is a major factual dispute and summary judgment on that issue must be denied.

There are conflicting arguments in the motion for summary judgment and the response as to the amount of those obligations which may have been paid by the Debtor or which may have been paid by the ex-spouse that would give a rise to an Indemnification Obligation. Movant has failed to demonstrate its entitlement to any judgment on the Indemnification Obligation since the amount of that obligation, if any, is clearly in dispute and that factual dispute precludes a summary judgment.

■ The Plaintiffs seek "reasonable and necessary attorneys' fees in the amounts of $10,000.00 plus post-judgment interest" in addition to the attorneys' fees arising from the Decree for attorneys' fees and costs incurred in bringing this adversary proceeding. As this Court has noted above, attorney fees awarded in a child support action can be and normally are just as much support as the support itself and are therefore non-dischargeable. However, this adversary proceeding is not a child support case. This is a complaint to determine dischargeability in bankruptcy and a completely different inquiry is necessary to determine the propriety of an award of attorney fees. The Supreme Court explained the American rule regarding attorney fees in *Alyeska Pipeline Service Company v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The general rule is that each party to a lawsuit must bear his or her own costs and the prevailing litigant cannot collect attorney fees from the losing litigant as a general rule. There are five specific exceptions to the rule which allow attorney·fees when (1) a statute authorizes them, (2) a provision in a contract allows them, (3) when a litigant has deliberately disobeyed a court order, (4) when a litigant has acted in bad faith, and (5) when a litigant recovers a common fund for the benefit of a group. The Plaintiffs have wholly failed to prove to this Court that any of the *Alyeska* exceptions applies to this adversary proceeding. Therefore, this Court finds that it cannot award the attorneys' fees sought pursuant to the Complaint (not including those awarded under the Decree) based on the record before it. Plaintiff's motion for summary judgment

on this issue cannot be granted as a matter of law.

### CONCLUSION

As to the issues of the debt for child support in the amount of $800.00 per month; the Debtor's obligation to maintain medical, dental and health insurance for his minor child; and the Debtor's conditional obligation to pay "one-half of all cost and expense associated with the schooling of the Child at an accredited university, including but not limited to tuition, room, board, lab fees and school supplies", all pursuant to the Decree, the Debtor agrees to and does not contest the non-dischargeability of these debts. Clearly, no genuine issue of material facts exists with respect to these debts, summary judgment is appropriate and will be granted.

As to the award of attorneys fees under the Decree, together with any interest accruing thereon, for the reasons discussed herein, no genuine issue of material facts exists with respect to these debts, summary judgment is appropriate and will be granted. An order will be entered accordingly.

As to the Indemnification Obligation contained in the Decree, for the reasons discussed herein, a genuine issue of material fact exists with respect to the classification of those obligations and the request for summary judgment must be denied. As discussed above, there is no factual issue insofar as the Plaintiff seeks additional attorney fees for pursuing this adversary proceeding. There is simply no basis in law to provide for the award requested and therefore, the request must be and is DENIED.