# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-50409
Summary Calendar

In the Matter Of: GARY B. CHISHOLM,

Debtor.

_____

QI W. CHISHOLM,

Appellant,

v.

GARY B. CHISHOLM,

Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-06-CV-015-OG

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a final judgment entered on September 21, 2005, in an adversary proceeding filed by Qi W. Chisholm against the Debtor, Gary B.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chisholm, in the United States Bankruptcy Court and affirmed by the district court. The Debtor has moved to dismiss the appeal on the basis that this Court lacks jurisdiction. Because we lack jurisdiction over certain of Qi Chisholm's claims and find no error in the judgment of the bankruptcy court, we grant the Debtors' motion to dismiss and affirm the decision below.

On October 20, 2003, a divorce decree was entered in district court in Bexar County, Texas dissolving the marriage of Qi Chisholm and Debtor and setting forth the division of communal property. Qi Chisholm subsequently appealed the divorce decree. In her complaint filed in the bankruptcy court on May 21, 2004, Qi Chisholm sought a determination that Debtor's financial obligations to her, as set forth in the divorce decree, were not dischargeable debts under 11 U.S.C. §§ 523(a)(5) and (a)(15). Qi Chisholm also requested that Debtor be denied a discharge under 11 U.S.C. § 727. On April 7, 2005, a hearing was held and the bankruptcy judge indicated that he would grant Qi Chisholm's request for relief under §§ 523(a)(5) and (a)(15) and deny the discharge of financial obligations owed to her. The bankruptcy judge declined to grant Qi Chisholm's request for relief under § 727, but ordered the Debtor to amend his schedules and indicated that discharge could later be denied if the amendments were not filed. The bankruptcy judge also denied Qi Chisholm's request for attorneys' fees. A final judgment was not entered until about five months later.

In the interim, Debtor amended his schedules as ordered, and also converted his bankruptcy case from Chapter 7 to Chapter 13. Qi Chisholm objected to the Chapter 13 plan, and moved to reconvert the case to Chapter 7. Debtor then moved to voluntarily dismiss the Chapter 13 case. The judgment in the adversary proceeding was signed on September 21, 2005, granting Qi Chisholm's request for relief under §§ 523(a)(5) and (a)(15), denying her request for denial of discharge under § 727, and denying her request for attorneys' fees.

On October 24, 2005, the bankruptcy court granted Debtors's motion to voluntarily dismiss the Chapter 13 bankruptcy case.

Qi Chisholm filed a notice of appeal on November 10, 2005. The district court affirmed the bankruptcy court on September 8, 2006, concluding that there was no legal basis for the award of attorneys' fees, that the appeal of the bankruptcy court's refusal to grant denial of discharge under § 727 was moot due to Debtors' conversion of the bankruptcy from Chapter 7 to Chapter 13, and that the district court lacked jurisdiction to consider whether the bankruptcy court erred in granting the Debtor's motion to voluntarily dismiss his bankruptcy case. On February 16, 2007, the district court denied Qi Chisholm's motion for rehearing and Qi Chisholm filed a timely notice of appeal to this Court. Meanwhile, Qi Chisholm's appeal of the divorce decree had progressed, and on December 1, 2006, the Supreme Court of Texas found that Qi Chisholm had not agreed to the property division in the divorce decree and as such, reversed and remanded the case to the trial court.

This Court reviews the decisions of a bankruptcy court using the same standard applied by the district court. Plunk v. Yaquinto (In re Plunk), 481 F.3d 302, 305 (5th Cir. 2007). Findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. Id. "Jurisdictional questions are questions of law which are reviewed de novo." Estate of Smith v. Comm'r of Internal Revenue, 429 F.3d 533, 537 (5th Cir. 2005).

With respect to Qi Chisholm's appeal of the bankruptcy court's refusal to deny discharge under § 727, we agree with the district court that this issue is moot, and as such, we lack jurisdiction to consider Qi Chisholm's appeal. See, e.g., Scruggs v. Lowman, 392 F.3d 124, 128 (5th Cir. 2004) ("A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents."). Qi Chisholm's denial of discharge claim, which was asserted pursuant to § 727, became moot when the case was

converted to Chapter 13 because § 727 only applies to Chapter 7 discharges. See Rupp v. Ewing (In re Ewing), 2008 Bankr. LEXIS 685, No. UT-07-074, at *23, n.34 (B.A.P. 10th Cir. March 24, 2008); Kistler v. Cleveland (In re Cleveland), 353 B.R. 254, 258 (Bankr. D. Cal. 2006). Moreover, the dismissal of Debtor's Chapter 13 case terminated his endeavor to obtain any sort of discharge, which further demonstrates the lack of a live case or controversy. See In re Ewing, 2008 Bankr. LEXIS 685 at *23, n.34. Qi Chisholm argues that the claim is not moot because Debtor may file bankruptcy again and a denial of discharge under § 727 would enjoin Debtor from filing bankruptcy for six years. However, Qi Chisholm's "endeavor to preclude a hypothetical future discharge in another case does not present a 'live' or 'imminent' controversy over which the bankruptcy court may assume jurisdiction." Id.; see also Mann v. Hahn (In re Hahn), 167 B. R. 693, 695 (Bankr. N. D. Ga. 1994). Finally, Qi Chisholm's claims as a creditor arose under the divorce decree, which is now no longer in effect due to the decision of the Supreme Court of Texas. The vacatur of the divorce decree means that Qi Chisholm is no longer a creditor of Debtor and cannot maintain a claim under § 727; this provides an additional basis for concluding that her appeal is moot. Because Qi Chisholm's appeal is moot, we lack jurisdiction to consider the district court's refusal to deny discharge under § 727.

On appeal, Qi Chisholm also argues that the bankruptcy court erred in granting the Debtor's motion to voluntarily dismiss his Chapter 13 bankruptcy case. However, Qi Chisholm did not file a notice of appeal from the order dismissing the bankruptcy case; she appealed only from the judgment in the adversary proceeding. Bankruptcy Rule 8002(a) governs the time for filing a notice of appeal from the bankruptcy court to the district court. According to that Rule, "[t]he notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from." FED. R. BANKR. P. 8002(a). It is axiomatic that a district court

lacks appellate jurisdiction to consider an order of the bankruptcy court if no appeal has been taken from that order. See Zer-Ilan v. Frankford (In re CPDC Inc.), 221 F.3d 693, 698 (5th Cir. 2000) (noting that the failure to file a notice of appeal, which deprives the reviewing court of jurisdiction, mandates dismissal); Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle), 988 F.2d 29, 32 (5th Cir. 1993) (holding that the district court lacked jurisdiction over bankruptcy appeal because the debtors did not file a timely notice of appeal). Because the district court did not have jurisdiction to review the merits of this issue, this Court lacks jurisdiction over the merits raised on appeal by Qi Chisholm.

Finally, Qi Chisholm contends that the bankruptcy court erred by denying her request for attorneys' fees in the adversary proceeding. An award of attorneys' fees is typically left to the discretion of the court, however, some statutes make an award of attorneys' fees mandatory if certain conditions are met. See, e.g., Kona Tech. Corp. v. S. Pac. Transp. Co., 225 F.3d 595, 603 & n.2 (5th Cir. 2000). Qi Chisholm correctly acknowledges that generally, under the American rule applied in federal litigation, a prevailing litigant may not collect attorneys' fees from his opponent. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). However, she argues that a number of exceptions to this rule are applicable and justify the award of attorneys' fees here. First, Qi Chisholm argues that the bankruptcy court should have awarded her attorneys' fees because Debtor acted in bad faith to defraud his creditors and as such, a fraud was perpetrated on the court. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32 (1991). However, no such finding was ever made by the bankruptcy court, and the record does not support this Court making such a finding. Second, Qi Chisholm points to Bankruptcy Rule 9011, which provides for sanctions against parties who raise frivolous claims or defenses, including the award of reasonable attorneys' fees. Qi Chishom did not comply with the requirements of Rule 9011, and, therefore the bankruptcy court did not err in

refusing to award attorneys' fees under this Rule. See Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995). Finally, Qi Chisholm argues that the divorce decree provides a contractual basis for her recovery of attorneys' fees, because the decree requires that Debtor pay Qi Chishom's attorneys' fees in the event that Debtor fails to fulfill his obligations under the decree and she must take action to enforce the decree. The decree contains no such provision. Even assuming that the language of the divorce decree supported Qi Chisholm's interpretation, the adversary proceeding brought by Qi Chisholm was not an action to enforce the terms of the divorce decree. See Whipple v. Fulton (In re Fulton), 236 B.R. 626, 632 (Bankr. E.D. Tex. 1999). Consequently, the divorce decree cannot provide a basis for an award of attorneys' fees. Therefore, we find that the bankruptcy court did not err in denying Qi Chisholm's request for attorneys' fees.[1]

In conclusion, we lack jurisdiction over Qi Chishom's appeal of the bankruptcy court's refusal to deny Debtor's discharge under § 727 and her appeal of the order granting the dismissal of Debtor's Chapter 13 bankruptcy. In addition, we find no error in the bankruptcy court's decision not to award Qi Chisholm attorneys' fees. Therefore, we AFFIRM the judgment of the district court and GRANT the Debtor's motion to dismiss for lack of jurisdiction.

---

[1] Qi Chisholm also argues that § 503(b)(3) of the Bankruptcy Code provides a basis for an award of attorneys' fees. However, no request was made to the bankruptcy court for an award of fees under this section, nor did Qi Chisholm argue this point before the district court. An argument may not be asserted for the first time on appeal. See, e.g., Stokes v. Emerson Elec. Co., 217 F.3d 353, 358 n.19 (5th Cir. 2000).